LYONS, Justice
(concurring in the result).
This case involves venue in the Bessemer Division of the Jefferson Circuit Court, as did Ex parte Walter Industries, Inc., 879 So.2d 547 (Ala.2003), a case in which I dissented, and as did Ex parte DaimlerChrysler Corp., 899 So.2d 928 (Ala.2004), which I authored. In DaimlerChrysler, we were asked to overrule Walter Industries without sufficient argument, and we declined to do so. In this case, the residents challenge the holding in Walter Industries with the argument that § 6-3-7(d), Ala.Code 1975, should control. I expressed in my dissent in Walter Industries the view that § 6-3-7(d) governed; however, in this proceeding, the residents never ask us to overrule Walter Industries, decided after § 6 — 3—7(d), or Ex parte Central of Georgia Ry., 243 Ala. 508, 10 So.2d 746 (1942), the case relied upon in Walter Industries for the conclusion that venue in the Bessemer Division is limited to lawsuits upon causes of action arising within the division.
Without a specific request to overrule prior precedent in a setting where no argument can be made that the precedent has already been overruled sub silentio by previous decisions, a court taking such action sua sponte cuts off an adverse party’s right to have the court consider the important subordinate question — assuming the precedent was wrongly decided, whether stare decisis requires adherence to it. See, e.g., United States v. Johnson, 481 U.S. 681, 703, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (Scalia, J., dissenting) (“We have not been asked by respondent to overrule Feres [v. United States, 340 U.S. 135 (1950)], and so need not resolve whether considerations of stare decisis should induce us, despite the plain error of the case, to leave bad enough alone.”). Therefore, I must concur in the result.
JOHNSTONE, J., concurs.